CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED
for Roanoke
DEC - 2 2010
JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| ROJAI LAVAR FENTRESS,<br>Plaintiff, | Civil Action No. 7:10-cv-00468 |
| v. | **MEMORANDUM OPINION** |
| GENE JOHNSON, et al.,<br>Defendants. | By: Hon. Jackson L. Kiser<br>Senior United States District Judge |

Plaintiff filed a motion requesting a preliminary injunction against the defendants, various staff of the Virginia Department of Corrections ("VDOC") facilities at Wallens Ridge and Pocahontas. Plaintiff requests preliminary injunctive relief to be transferred from his current level-five correctional facility to a level-three facility. Plaintiff alleges in his complaint that the defendants transferred him to a level-five facility in retaliation for his grievances about him not receiving an already approved Common Fare Diet.

A preliminary injunction is an "extraordinary and drastic remedy." Munaf v. Geren, 553 U.S. 674, 689-90 (2008). A movant must establish four elements before a preliminary injunction may issue: 1) he is likely to succeed on the merits; 2) he is likely to suffer irreparable harm in the absence of preliminary relief; 3) the balance of equities tips in his favor; and 4) an injunction is in the public interest. Winter v. Natural Res. Def. Council, Inc., 129 S. Ct. 365, 374 (2008). Plaintiff is not allowed to demonstrate only a "possibility" of irreparable harm because that standard is "inconsistent with [the] characterization of injunctive relief as an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." Id. at 375-76.

In his motion, plaintiff argues that he is suffering irreparable harm because his constitutional right to access the courts is being frustrated at his new, higher-level facility.

Plaintiff argues that the balance of equities tips in his favor because the defendants' hardship to order his transfer is minimal; such an order would be "business as usual." Finally, plaintiff concludes that the public's interest would be served by his transfer because it is required by law and that he will succeed on the complaint's merits.

Plaintiff fails to establish that he is likely to suffer irreparable harm without a preliminary injunction. Primarily, plaintiff fails to establish the defendants' intent or ability to frustrate his access to courts. Plaintiff merely speculates about an unknown hindrance to access the courts and fails to describe how his access was frustrated or how he was prejudiced. Plaintiff also fails to establish how an order based on speculative and unsubstantiated fears of frustrated court access furthers the public's interest when that interest is served by assigning inmates a security level and housing inmates at appropriately secure facilities. Plaintiff also does not adequately establish a likelihood of success on the merits because, although plaintiff requests a transfer to a level-three facility, prisoners do not have any right to be housed in a particular facility or to access the grievance system. See, e.g., Meachum v. Fano, 427 U.S. 215 (1976) (stating no constitutional right for prisoners to be incarcerated at a particular facility); Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994) (stating inmates do not have a constitutional right to a grievance procedure). Furthermore, involving a federal court in the day-to-day administration of a prison is a course the judiciary generally disapproves of taking. See, e.g., Bell v. Wolfish, 441 U.S. 520, 540 n.23, 548 n.29 (1979) (explaining that maintaining security and order and operating institution in manageable fashion are "considerations . . . peculiarly within the province and professional expertise of corrections officials"). Based on the allegations in the complaint and the present status of the case, plaintiff fails to establish that he is likely to succeed on the merits or that the balance of equities tips in his favor. The defendants have not yet responded to the

2

complaint, and ordering potentially unnecessary prison transfers would unduly burden the defendants. Accordingly, I deny plaintiff's request for preliminary injunctive relief.

The Clerk is directed to send copies of this memorandum opinion and the accompanying order to plaintiff.

**ENTER**: This 2rd day of December, 2010.

                                                Senior United States District Judge